**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernie J Perez, | No. CV-18-02737-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff Ernie Perez's challenge to the Social Security Administration's eligibility determination on the amount of his benefits. The Court has reviewed the parties' briefs and the administrative record. For the reasons expressed herein, the Court affirms the Administrative Law Judge's ("ALJ") decision (R. at 122–25).

**I.   BACKGROUND**

From 1974 to his retirement in 2007, Mr. Perez was employed as technician with the Arizona Air National Guard, working on military aircraft. (Doc. 24 at 3; Doc. 35 at 6.) Persons who work in this position are classified as dual-status technicians, that is, they are federal civilian employees who are also members of the Air National Guard. *See* 10 U.S.C. § 10216(a)(1). The position required Mr. Perez to, among other things, wear his military uniform while working, participate in certain military training, and comply with military fitness standards. (Doc. 24 at 3.) Mr. Perez's employment entitled him to receive a civil service pension. (*Id.*)

Upon his retirement, Mr. Perez was honorably discharged from the Arizona Air National Guard. (*Id.*) He then began to draw on his civil service pension. (*Id.*) At some point, Mr. Perez joined the Air Force Reserve, retiring in 2011. (*Id.* at 5.) Mr. Perez received a separate military pension for his reserve service. (R. 111.)

Mr. Perez applied for Social Security benefits in 2013. (Doc. 35 at 4.) The Social Security Administration (the "SSA") notified him that he was eligible for benefits, but at an amount lower than what he would have received had his National Guard technician position paid Social Security taxes. (*Id.*) Following an administrative hearing, the ALJ held that the reduction properly applied to Mr. Perez's circumstances. (*Id.*) An appeals council within the SSA denied review, thus making the ALJ's ruling the final agency decision. (*Id.* at 5.) Mr. Perez then filed a Complaint in this Court. (Doc. 1.)

## II. LEGAL ANALYSIS

### A. Standard of Review for a Social Security Case

The district court reviews only those issues in an ALJ's decision raised by the challenging party. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the agency's determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court reviews the ALJ's legal conclusions *de novo*. *Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012). The Court will not simply defer to the agency's interpretation of a statute unless the text is ambiguous, and the agency has offered a reasonable interpretation. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984).

### B. Applicability of the Windfall Elimination Provision

The parties agree that Mr. Perez is entitled to Social Security benefits. At issue here is whether to apply a benefit reduction that accounts for Mr. Perez's employment that was not subject to Social Security taxation. By way of background, Social Security taxes are paid on "covered" employment, while "noncovered employment" is exempt from that form of taxation. Employees who are in noncovered employment positions


may be entitled to a pension.

With these dual taxation categories comes a risk that a retiree may claim both Social Security and pension benefits for the same noncovered work. This, according to Congress, amounts to a windfall advantage. To counteract this, Congress enacted the Windfall Elimination Provision (the "WEP"), a formula reducing Social Security benefits for persons receiving a pension from a job that is exempt from paying Social Security taxes. *See* 42 U.S.C. 415(a)(7)(A). There are some statutory exceptions to the WEP, including an exception for "payment[s] based wholly on service as a member of a uniformed service." 42 U.S.C. § 415(a)(7)(A)(ii)(III). This is known as the Uniformed Service Exception (the "Exception").

Mr. Perez argues that the ALJ should have applied the Exception to his case based on his employment as a dual-status Air National Guard technician. Substantively, he claims, he performed a *de facto* military role as a technician. (R. 59.) The entirety of his job duties existed to support the Air National Guard, which is part of the armed forces. *See* 10 U.S.C. § 10216(a); 38 U.S.C. § 101(10), (26), (27). Additionally, as part of his job, Mr. Perez maintained military membership, he participated in certain military training exercises and programs, and he wore a military uniform while working. (R. 106.)

The Ninth Circuit is poised to decide an appeal with virtually identical facts that involves the same issue. *Larson v. Berryhill*, No. 4:17-cv-110, 2017 WL 2620068 (D. Mont. Sept. 26, 2018), *appeal pending*, No. 18-35985. In that case, the District Court affirmed the SSA's decision denying the Exception to a dual-status technician similarly situated to Mr. Perez. *Id*. at *6. In the absence of controlling authority from the Ninth Circuit, this Court will examine the decisions of other circuits.

In *Petersen v. Astrue*, 633 F.3d 633 (8th Cir. 2011), the Eighth Circuit held that the Exception applies to dual status technicians, thus precluding the SSA from reducing benefits under the WEP. The Eighth Circuit reasoned that because federal law imposed several job-related requirements akin to military personnel, the dual-status technician

position was performed "as a member of a uniformed service," and the Exception applied. *Id*. at 637. Conversely, the Eleventh Circuit, in *Martin v. Social Security Administration*, 903 F.3d 1154 (11th Cir. 2018), declined to apply the Exception. The Eleventh Circuit reasoned that the language of the exception cannot be read to include dual-status technicians because the Social Security payments were not based "wholly" on military service. *Id.* at 1168.

Turning back to this case, the parties disagree about whether National Guard technicians render "service *as* a member of a uniformed service" as contemplated by the Exception. 42 U.S.C. § 415(a)(7)(A)(ii)(III) (emphasis added). (Doc. 35 at 17-18; Doc. 36 at 3.) The Court is persuaded that Mr. Perez's technician work was more than service *by* someone who happens to be a member of the military. *See Petersen*, 633 F.3d at 637. Rather, it was, at least in part, a form of service *as* a military member. *See id*. That does not, however, end the inquiry.

When interpreting a statute, a court must give full effect to each word in the text. *Setser v. United States*, 566 U.S. 231, 239 (2012). The Eleventh Circuit's reasoning best accomplishes that task. To be sure, a National Guard technician's work is based, in part, on his uniformed service. The Exception, however, requires more than overlap between the technician work and standard military duties. As the *Martin* Court noted, the relevant statute refers to National Guard technicians as civilian employees. *Martin*, 903 F.3d at 1165. Additionally, technicians have different pay and pension schemes for their technician work than for their military service. *Id*. at 1165-66. Thus, the technician role is not "wholly" based on military service.

### III. CONCLUSION

The Court holds that the Exception unambiguously does not apply. Though Mr. Perez's dual status technician pension was partially based on service as a uniformed service member, it was also partially based on service as a civilian. As a result, the SSA correctly reduced Mr. Perez's benefits under the Windfall Elimination Provision.

/ / /

Accordingly,

**IT IS ORDERED** affirming the decision of the Administrative Law Judge (R. at 137), as upheld by the Appeals Council (R. at 5–6).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

**Dated this 26th day of March, 2020.**

Michael T. Liburdi
United States District Judge